LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (SBN: 144074)
Renee V. Masongsong (SBN: 281819)
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
(818) 347-3333 – Telephone
(818) 347- 4118 – Facsimile
Emails: dalekgalipo@yahoo.com
        rvalentine@galipolaw.com

LAW OFFICE OF SHARON J. BRUNNER
Sharon J. Brunner (SBN: 229931)
14393 Park Avenue, Suite 101
Victorville, CA 92392
(760) 243-9997 –Telephone
(760) 843-8155 – Facsimile
Email:  sharonjbrunner@yahoo.com

LAW OFFICE OF JAMES S. TERRELL
James S. Terrell. (SBN: 170409)
15411 Anacapa Road
Victorville, CA 92392
(760) 951-5850 – Telephone
(760) 951-1085 – Facsimile
Email:  jim@talktoterrell.com

## UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA VARGAS; ARIANA SALAS, individually and as a successor-in-interest to RUBEN ESCUDERO, deceased, <br><br> Plaintiffs, <br> vs. <br><br> COUNTY OF SAN BERNARDINO; HUMBERTO MIRANDA; STEVEN CARTER; ZACHARY VOGEL, JULIAN MATA; ZACHARY PRITCHETT; JOELA JIMENEZ; A. MATA; TIFFANY KAUTZ; JESSAQUA ATTLESEY; RODRIGUEZ (first initial unknown) and DOES 1-10, inclusive, | Case Number: 5:20-cv-2646 <br> **FIRST AMENDED COMPLAINT FOR DAMAGES** <br> 1. Fourth Amendment – Unlawful Detention and Arrest (42 U.S.C. § 1983) <br> 2. Fourth Amendment – Excessive Force (42 U.S.C.  § 1983) <br> 3. Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983) <br> 4. Fourteenth Amendment—Substantive Due Process (42 U.S.C. § 1983) <br> 5. Municipal Liability – Unconstitutional Practice, or Policy (42 U.S.C.  § 1983) |

1

Defendants.

6. Municipal Liability – Ratification (42 U.S.C. § 1983)
7. Municipal Liability—Failure to Train (42 U.S.C. § 1983)
8. False Arrest/False Imprisonment
9. Battery (Wrongful Death/Survival)
10. Negligence (Wrongful Death/Survival)
11. Violation of Cal. Civil Code § 52.1

**DEMAND FOR JURY TRIAL**

### FIRST AMENDED
### COMPLAINT FOR DAMAGES

COME NOW, Plaintiffs Ariana Salas, individually and as a successor-in-interest to Ruben Escudero, deceased, and Cecilia Vargas, individually, for their Complaint against Defendants County of San Bernardino and its involved deputies H. Miranda, S. Carter, Z. Vogel, J. Mata, Z. Pritchett, J. Jimenez, A. Mata, T. Kautz, J. Attlesey, Sergeant Rodriguez, and Does 1-10 inclusive, and allege as follows:

### JURISDICTION AND VENUE

1.     This Court has original jurisdiction over this action for damages under 42 U.S.C. § 1983, the United States Constitution and common law principles, to redress a deprivation under color of state law of rights, privileges, and immunities secured to Plaintiffs and Decedent, by said status, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.  Venue is proper in this Court because

2

the Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of San Bernardino, California.

2.      Venue is proper in this Court because the Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of San Bernardino, California.

3.      This Court has supplemental jurisdiction over Plaintiffs' state law claims.

4.      Plaintiffs filed a timely claim under Government Code Section 910 *et seq.* and bring pendant actions under state law.  The County of San Bernardino rejected the claim on July 1, 2020, and then Plaintiffs timely filed their initial complaint.

## PARTIES AND JURISDICTION

5.      Plaintiff CECILIA VARGAS ("VARGAS") is the biological mother of RUBEN ESCUDERO ("ESCUDERO" or "DECEDENT").  VARGAS brings this action individually as the mother of DECEDENT and seeks wrongful death damages under federal law.

6.      Plaintiff ARIANA SALAS ("SALAS") is the biological and natural daughter of ESCUDERO and a successor-in-interest to ESCUDERO.  SALAS brings this action individually and as a successor in interest to ESCUDERO.  A declaration has been filed concurrently herewith pursuant to CCP 377.32 identifying SALAS as ESCUDERO's successor-in-interest and attaching the death certificate of ESCUDERO.

7.      At all relevant times, Defendant, COUNTY OF SAN BERNARDINO ("COUNTY") is a governmental entity, existing by virtue of the laws and Constitution of the State of California.  At all relevant times, COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, and employees.  At all relevant times, Defendant COUNTY was

3

responsible for ensuring that the actions, omissions, policies, procedures, practices, and customs of COUNTY and its employees and agents complied with the laws of the United States and the State of California.  At all relevant times, COUNTY was the employer of all named Defendants.

8.     Defendant HUMBERTO MIRANDA ("MIRANDA") is and/or was at all times pertinent hereto, a sworn law enforcement officer.  Specifically, said defendant was acting under color of law in the course and scope of his duties as a sheriff's deputy and member of the San Bernardino County Sheriff's Department ("SBCSD").

9.     Defendant STEVEN CARTER ("CARTER") is and/or was at all times pertinent hereto, a sworn law enforcement officer.  Specifically, said defendant was acting under color of law in the course and scope of his duties as a sheriff's deputy and member of the SBCSD.

10.     Defendant ZACHARY VOGEL ("VOGEL") is and/or was at all times pertinent hereto, a sworn law enforcement officer.  Specifically, said defendant was acting under color of law in the course and scope of his duties as a sheriff's deputy and member of the SBCSD.

11.     Defendant JULIAN MATA ("J. MATA") is and/or was at all times pertinent hereto, a sworn law enforcement officer.  Specifically, said defendant was acting under color of law in the course and scope of his duties as a sheriff's deputy and member of the SBCSD.

12.     Defendant A. MATA ("A. MATA"; first name unknown) is and/or was at all times pertinent hereto, a sworn law enforcement officer.  Specifically, said defendant was acting under color of law in the course and scope of his duties as a sheriff's deputy and member of the SBCSD.

13.     Defendant ZACHARY PRITCHETT ("PRITCHETT") is and/or was at all times pertinent hereto, a sworn law enforcement officer.  Specifically, said defendant

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

was acting under color of law in the course and scope of his duties as a sheriff's deputy and member of the SBCSD.

14.     Defendant JOELA JIMINEZ ("JIMINEZ") is and/or was at all times pertinent hereto, a sworn law enforcement officer.  Specifically, said defendant was acting under color of law in the course and scope of his duties as a sheriff's deputy and member of the SBCSD.

15.     Defendant TIFFANY KAUTZ ("KAUTZ") is and/or was at all times pertinent hereto, a sworn law enforcement officer.  Specifically, said defendant was acting under color of law in the course and scope of his duties as a sheriff's deputy and member of the SBCSD.

16.     Defendant JESSAQUA ATTLESEY ("ATTLESEY") is and/or was at all times pertinent hereto, a sworn law enforcement officer.  Specifically, said defendant was acting under color of law in the course and scope of his duties as a sheriff's deputy and member of the SBCSD.

17.     Defendant RODRIGUEZ ("RODRIGUEZ"; first name unknown) is and/or was at all times pertinent hereto, a sworn law enforcement officer.  Specifically, said defendant was acting under color of law in the course and scope of his duties as a sheriff's deputy and member of the SBCSD.  The foregoing SBCSD deputy defendants, including each and every individually-named defendant, are hereinafter collectively referred to as "the DEPUTY DEFENDANTS."

18.     Defendants DOES 1-10 ("SUPERVISORY DOES") are managerial, supervisorial, and policymaking employees who were acting under color of law within the course and scope of their duties as deputies of the San Bernardino County Sheriff's Department.  They were acting with the complete authority and ratification of their principal, Defendant COUNTY.  In doing the acts and failing and omitting to

act as hereinafter described, Defendants DOES 1-10 were acting on implied and actual permission and consent of the COUNTY.

19.    The true names and capacities of DOES 1-10 are unknown to Plaintiffs, who otherwise sues these Defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these Defendants when they have been ascertained.  Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

20.    On information and belief, DOES 1-10 were residents of the COUNTY.

21.    Defendants DOES 1-10 are sued under a theory of *respondeat superior.*

22.    At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

23.    All of the acts complained herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times, herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

24.    This is a survival and wrongful death action for damages and such other and further relief as may be consistent with law pursuant to 42 U.S.C. §1983, to redress violations of the DECEDENT's rights protected by the United States Constitution, by persons acting under color of state law.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

25.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 24 of this Complaint with the same force and effect as if fully set forth herein.

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

26.     On October 19, 2019, ESCUDERO was visiting his friend at a residence located at 16927 Monte Vista, Victorville, CA 92392.  During the visit, ESCUDERO went into medical distress.  On information and belief, around 9:00 a.m. on that date, a 911 call was made to obtain medical care for ESCUDERO.

27.     Upon their arrival at the scene, the DEPUTY DEFENDANTS thought that ESCUDERO needed to be administered Narcan.  On information and belief, the DEPUTY DEFENDANTS were familiar with the known side effects of Narcan.  The DEPUTY DEFENDANTS failed to correctly position and secure ESCUDERO in a manner to avoid these known side effects.  On information and belief, the policies that the DEPUTY DEFENDANTS followed during this incident with respect to determining when a person needs to be given Narcan and securing and correctly positioning a person who has been given Narcan were grossly deficient.

28.     After they administered Narcan to ESCUDERO, the DEPUTY DEFENDANTS held ESCUDERO down.  On information and belief, ESCUDERO was restrained in a prone position on the ground for an appreciable amount of time during this incident. The DEPUTY DEFENDANTS escalated the situation by administering Narcan, by beating ESCUDERO in the head with their fists, tasers, and batons while they held him down, and by otherwise using force against him and engaging in other undiscovered conduct.  The repeated strikes, hits, and punches to ESCUDERO's head caused blunt force trauma, lacerations, and massive bleeding to ESCUDERO's head. The DEPUTY DEFENDANTS placed weight and pressure on DECEDENT's body for a significant amount of time during this incident, including sitting on his body while ESCUDERO was in a prone position.

29.     During the time that the DEPUTY DEFENDANTS were beating ESCUDERO, witnesses heard ESCUDERO cry out.

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

30.     On information and belief, ESCUDERO became unresponsive while the DEPUTY DEFENDANTS were restraining ESCUDERO and beating him.

31.     When Victorville EMS personnel responded, they found ESCUDERO unresponsive.

32.     Upon arrival at Victor Valley Medical Center, ESCUDERO was lifeless and brain dead.  ESCUDERO was placed on life supporting equipment as a result of the restraint, beating and other uses of excessive and unreasonable force by the DEPUTY DEFENDANTS.

33.     On October 23, 2019, ESCUDERO's family was notified that ESCUDERO was brain dead.

34.     The uses of force against ESCUDERO as described herein, as well as other undiscovered uses of force, were excessive and unreasonable.  ESCUDERO was unarmed, was not assaultive, and posed no threat of injury at the times of the uses of force and at all relevant times.

35.     As a result of the uses of force and restraint against ESCUDERO as described herein, as well as other undiscovered uses of force and the denial of proper medical attention, ESCUDERO endured pain and suffering and eventually lost his life, his enjoyment of life, and his earning capacity.  Also as a result of the uses of force against ESCUDERO as described herein, as well as other undiscovered uses of force, Plaintiffs have been deprived of ESCUDERO's love, affection, support, guidance, companionship and will be deprived for the remainder of their natural lives.

//

//

//

//

//

8

## FIRST CLAIM FOR RELIEF

### Fourth Amendment-Unreasonable Search and Seizure (Unlawful

### Detention and Arrest)

### (42 U.S.C. § 1983)

(By SALAS against the DEPUTY DEFENDANTS)

36.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 35 of this Complaint with the same force and effect as if fully set forth herein.

37.    The Fourth Amendment of the United States Constitution guarantees all persons the right to be free from unreasonable detention in violation of their right to privacy.  42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.  The DEPUTY DEFENDANTS violated ESCUDERO's right to be free from unreasonable search and seizures, which is guaranteed to him by the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

38.    At all relevant times, the DEPUTY DEFENDANTS acted under color of state law.

39.    On October 19, 2019, the DEPUTY DEFENDANTS responded to a call requesting medical attention for ESCUDERO.  The DEPUTY DEFENDANTS had no reasonable suspicion to detain ESCUDERO and no probable cause to arrest him. ESCUDERO posed no threat to any person at the scene, and the DEPUTY DEFENDANTS did not see ESCUDERO in possession of any illegal objects, contraband or weapons.

40.    In addition to the detention itself being unreasonable, the scope and manner of the detention was unreasonable.  It was not necessary for the DEPUTY DEFENDANTS to beat ESCUDERO in order to take him into custody, nor was it

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

necessary to sit on his body and restrain him in a prone position for an unreasonable amount of time.

41.     Further, the deputies' presence interfered and obstructed the EMS and firefighters' administration of medical aid and prevented medical personnel from saving ESCUDERO's life.

42.     The DEPUTY DEFENDANTS are liable to Plaintiffs for ESCUDERO's injuries and death, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations. Each of the DEPUTY DEFENDANTS had an opportunity and responsibility to intervene to prevent these violations.

43.     The conduct of the DEPUTY DEFENDANTS was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of ESCUDERO and therefore warrants the imposition of exemplary and punitive damages as to the DEPUTY DEFENDANTS.

44.     As a direct result of the unreasonable detention, ESCUDERO experienced severe pain, suffering and the loss of life for which he, through SALAS as his successor in interest, is entitled to recover damages.  SALAS brings this claim as a successor-in-interest to ESCUDERO.  SALAS seeks survival damages on this claim, including for ESCUDERO's injuries, pre-death pain and suffering, emotional distress, and loss of life and enjoyment of life.  Plaintiffs also seek attorney's fees under this claim.

//

//

//

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## SECOND CLAIM FOR RELIEF

### Fourth Amendment-Excessive Force (42 U.S.C. § 1983)

(By SALAS against the DEPUTY DEFENDANTS)

45.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 44 of this Complaint with the same force and effect as if fully set forth herein.

46.     The unjustified use of excessive force and prone restraint by the DEPUTY DEFENDANTS deprived ESCUDERO of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

47.     At all relevant times, the DEPUTY DEFENDANTS acted under color of state law.

48.     The DEPUTY DEFENDANTS used excessive force against ESCUDERO as described above.  The use of force includes but is not limited to the deputies using their fists, hands, and weapons to strike ESCUDERO in the head until he was unconscious.  The DEPUTY DEFENDANTS placed weight and pressure on ESCUDERO's body while beating ESCUDERO, including when ESCUDERO was in a prone position, and at least one of the DEPUTY DEFENDANTS struck ESCUDERO in the head with a metal baton and/or taser.  Striking a person in the head with a fist, baton, or taser is a use of deadly force.  Restraining an individual for an appreciable amount of time, including in a prone position with weight on the individual's body, is also a use of deadly force.

49.     At the time of the DEPUTY DEFENDANTS' uses of force and restraint against ESCUDERO, ESCUDERO was unarmed, was not assaultive, and posed no threat of injury.

11

50.    Each of the DEPUTY DEFENDANTS are liable to Plaintiffs for ESCUDERO's injuries and death, either because they were integral participants in the uses of excessive force, or because they failed to intervene to prevent these violations.  Each of the DEPUTY DEFENDANTS had an opportunity and responsibility to intervene to prevent these violations.

51.    The conduct of the DEPUTY DEFENDANTS was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of ESCUDERO and therefore warrants the imposition of exemplary and punitive damages as to the DEPUTY DEFENDANTS.

52.    As a direct result of the uses of excessive force as described above, ESCUDERO experienced severe pain, suffering and the loss of life for which he, through SALAS as his successor in interest, is entitled to recover damages.  SALAS brings this claim as a successor-in-interest to ESCUDERO.  SALAS seeks survival damages on this claim, including for ESCUDERO's injuries, pre-death pain and suffering, emotional distress, and loss of life and enjoyment of life.  Plaintiffs also seek attorney's fees under this claim.

### THIRD CLAIM FOR RELIEF

**Fourth Amendment – Denial of Medical Care (42 U.S.C. §1983)**

(By SALAS against the DEPUTY DEFENDANTS)

53.    Plaintiffs hereby reallege and incorporate by reference the prior paragraphs of this Complaint.

54.    At all relevant times, the DEPUTY DEFENDANTS acted under color of state law.

55.    The denial of medical care by the DEPUTY DEFENDANTS deprived ESCUDERO of his right to be secure in his person against unreasonable searches and

seizures as guaranteed to ESCUDERO under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.  Upon responding to the call seeking medical attention for ESCUDERO, the DEPUTY DEFENDANTS failed to provide medical attention to ESCUDERO and also prevented ESCUDERO from receiving medical aid when they beat him.

56.    As a proximate result of the DEPUTY DEFENDANTS' denial of medical care, ESCUDERO suffered injuries and damages as set forth herein, including great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

57.    The DEPUTY DEFENDANTS are liable to Plaintiffs for ESCUDERO's injuries and death, either because they were integral participants in the denial of medical care, or because they failed to intervene to prevent these violations. Each of the DEPUTY DEFENDANTS had an opportunity and responsibility to intervene to prevent these violations.

58.    The conduct of the DEPUTY DEFENDANTS was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of ESCUDERO and therefore warrants the imposition of exemplary and punitive damages as to the DEPUTY DEFENDANTS.

59.    As a direct result of the denial of medical care, ESCUDERO experienced severe pain, suffering and the loss of life for which he, through SALAS as his successor in interest, is entitled to recover damages.  SALAS brings this claim as a successor-in-interest to ESCUDERO.  SALAS seeks survival damages on this claim, including for ESCUDERO's injuries, pre-death pain and suffering, emotional distress, and loss of life and enjoyment of life.  Plaintiffs also seek attorney's fees under this claim.

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**FOURTH CLAIM FOR RELIEF**

**Fourteenth Amendment-Substantive Due Process (42 U.S.C. § 1983)**

(By all Plaintiffs against the DEPUTY DEFENDANTS)

60.　　Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 59 of this Complaint as though fully set forth herein.

61.　　The DEPUTY DEFENDANTS acted under color of state law.

62.　　By engaging in the foregoing conduct, Defendants deprived Plaintiffs of their rights to a familial relationship with ESCUDERO in such a manner as to shock the conscience.　Parents of adult children have a legal right to bring a claim for the interference with their relationship with their children.　The DEPUTY DEFENDANTS did so by seizing ESCUDERO without reasonable suspicion and arresting him without probable cause, by using unreasonable and unjustified deadly force against him, and by denying ESCUDERO medical care, all of which caused injuries that resulted in ESCUDERO's death.　This conduct was all without provocation.　Additionally, the DEPUTY DEFENDANTS attempted to conceal their uses of excessive force and attempted to hide the true cause of ESCUDERO's death, in order to deprive Plaintiffs of their rights to seek redress.　This conduct violated Plaintiffs' rights, privileges, and immunities secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

63.　　By engaging in the foregoing conduct, the DEPUTY DEFENDANTS acted with deliberate indifference to the constitutional rights of ESCUDERO and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

64.　　The DEPUTY DEFENDANTS are liable to Plaintiffs for the interference with their familial relationship, either because they were integral participants in the wrongful detention and arrest, the uses of excessive force, and the denial of medical care, or because they failed to intervene to prevent these violations.

14

65.     Plaintiffs bring this claim individually and seek wrongful death damages under this claim.  Plaintiffs also seek attorney's fees under this claim.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983 and *Monell*)

(By both Plaintiffs against Defendants COUNTY, RODRIGUEZ, and DOES 1-10)

66.     Plaintiffs hereby repeat, re-state, incorporate, each and every allegation in paragraphs 1 through 65 of this Complaint with the same force and effect as if fully set forth herein.

67.     The DEPUTY DEFENDANTS acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant COUNTY.

68.     On information and belief, the DEPUTY DEFENDANTS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with ESCUDERO's death.

69.     The DEPUTY DEFENDANTS deprived ESCUDERO of his rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution.  The DEPUTY DEFENDANTS and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, of ESCUDERO, and of persons in his class, situation and comparable position in particular, knowingly maintained, enforced and applied an official policy recognized by the COUNTY, RODRIGUEZ, and DOES 1-10.

70.     At all relevant times, the DEPUTY DEFENDANTS acted under color of state law.

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

71.     Defendants COUNTY, RODRIGUEZ, and DOES 1-10, together with other COUNTY policymakers and supervisors maintained, inter alia, the following unconstitutional customs, practices, and policies:

a)  Using excessive force, including excessive deadly force;

b)  Providing inadequate training regarding the use of deadly force;

c)  Providing inadequate training regarding restraints, including the risks of prone restraint;

d)  Providing inadequate training regarding how to administer Narcan and how to properly secure and position a person who is administered Narcan;

e)  Inadequately supervising, training, controlling, assigning, disciplining, employing and retaining the DEPUTY DEFENDANTS, whom Defendants COUNTY and DOES 1-10, at all times material herein, knew or reasonably should have known had dangerous propensities for using excessive force;

f)  Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by SBCSD deputies, including the DEPUTY DEFENDANTS;

g)  Failing to adequately discipline COUNTY deputies, including DEPUTY DEFENDANTS, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

h)  Announcing that in-custody deaths are "within policy," including deaths that were later determined in court to be unconstitutional;

16

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

i)   Refusing to discipline, terminate, or retrain the deputies involved in use-of-force incidents, even where in-custody deaths are determined in court to be unconstitutional;

j)   Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simple "code of silence," pursuant to which deputies do not report other deputies' errors, misconduct or crimes.  Pursuant to this code of silence, if questioned about an incident of misconduct involving another deputy, while following the code, the deputy being questioned will claim ignorance of the other deputies' wrongdoing.

72.   Defendants COUNTY, RODRIGUEZ, and DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the different policies, practices, and customs alleged in the paragraphs above.  These customs and practices by COUNTY, RODRIGUEZ, and DOES 1-10 were condoned by said defendants in deliberate indifference to the safety and rights of its civilians, including Plaintiffs and ESCUDERO.  Said defendants also acted with deliberate indifference to both the foreseeable effects and consequences of these policies and to the constitutional rights of Plaintiffs, ESCUDERO, and other individuals similarly situated.

73.   By reason of the aforementioned policies and practices of Defendants COUNTY, RODRIGUEZ, and DOES 1-10, DECEDENT's Fourth Amendment rights were violated, and the Plaintiffs' Fourteenth Amendment rights were violated.  This claim is predicated on the constitutional violations of both the Plaintiffs and ESCUDERO.

74.   By perpetuating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants COUNTY, RODRIGUEZ, and DOES 1-

17

10 acted with an international, reckless, callous disregard for the well-being of ESCUDERO.  The acts of Defendants RODRIGUEZ and DOES 1-10 were willful, wanton, oppressive malicious, fraudulent, and extremely offensive and unconscionable.

75.    The policies, practices, and customs implemented, maintained and still tolerated by Defendants COUNTY, RODRIGUEZ, and DOES 1-10, were affirmatively linked to, and were a significantly influential force behind, ESCUDERO's injuries.

76.    The following are only a few examples of continued conduct by sheriff's deputies working for the County of San Bernardino, which indicate the County of San Bernardino's maintenance of an unconstitutional custom, practice and policy with respect to the use of excessive force against individuals who do not pose any immediate threat of death or serious bodily injury:

a)  In *Estate of Merlin Factor v. County of San Bernardino, et al.*, case number 5:14-cv-01289-DMG-AGR(x), Plaintiffs argued that the use of deadly force against the unarmed Merlin Factor was unreasonable. The police reports showed that Mr. Factor was unarmed, and the parties settled the case for a high six-figure settlement.  In that case, the evidence indicated that the COUNTY ratified the deputies' conduct, found the shooting to be "within policy," and failed to reprimand, retrain, or otherwise penalize the deputies for their conduct.

b)  In *Archibald v. County of San Bernardino*, case number 5-16-cv-1128, Plaintiff argued that the involved San Bernardino County sheriff's deputy used deadly force against the unarmed Nathanael Pickett when he posed no immediate threat. The jury in that case returned a $33.5 million verdict against Defendant County of San Bernardino and its involved

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

deputy. Despite prior knowledge of this shooting deputy's propensities for violence, the SBSD retained him as a deputy.  The same shooting deputy eventually shot another individual, for which a pre-litigation settlement was reached in the case *Martinez v. County of San Bernardino*.

c) In *T.M. (Phillips) et al. v. County of San Bernardino, et al.*, case no. 5:18-cv-02532, C.D. Cal., the COUNTY settled for $2.1 million with the family of a woman who was shot and killed by a deputy working for the COUNTY while driving in her vehicle despite not posing an immediate threat of death or serious bodily injury at the time of the shooting.

d) In *Ranero v. County of San Bernardino*, case no. 5:16-cv-02655, C.D. Cal., the COUNTY settled with a man involved in a non-fatal police shooting that resulted in serious injuries. The COUNTY ratified the deputies' conduct, found the shooting to be "within policy," and failed to reprimand, retrain, or otherwise penalize the deputies for their conduct.

e) In *Young v. County of San Bernardino, et al.*, case number 5:15-CV-01102-JGB-SP, Plaintiff argued that the 2014 shooting of Keivon Young was excessive and unreasonable.  In 2016 a jury agreed and awarded a high six-figure verdict in the Plaintiff's favor.

Additional prior cases supporting Plaintiffs' Monell claims in this matter include:

f) *Gomez v. County of San Bernardino,* case no. 5:13-cv-2185, C.D. Cal., a lawsuit involving the non-fatal shooting of an unarmed 31-year-old man in his apartment complex after a vehicle pursuit;

g) *Estate of Allen Kephart v. County of San Bernardino*, CIL VDS 1110314, San Bernardino Superior Court, a lawsuit involving an incident wherein

19

multiple deputies used excessive force against a 43-year-old man, which resulted in his death;

h) *Elio Carrion v. County of San Bernardino,* case no. 2:06-cv-8210, C.D. Cal., a lawsuit involving a non-fatal shooting of a passenger;

i) *Stofflet v. County of San Bernardino*, No. 5:18-CV-279, Feb. 2018, wherein a $1.9 million settlement was reached regarding an incident involving the in-custody death of and denial of medical care to a 34-year-old woman.

j) Additionally, in July 2017, the COUNTY agreed to a $2.5 million global settlement of related cases involving in-custody uses of excessive force. These cases include: *Alcala v. County of San Bernardino,* No. 5:15-CV-2515, C.D. Cal.; *Bishop v. County of San Bernardino*, No. 5:14-CV-1085, C.D. Cal.; *Camacho v. County of San Bernardino*, No. 5:16-CV-1244, C.D. Cal.; *Hanson v. County of San Bernardino*, No. 5:14-CV-911, C.D. Cal.; *Smith v. County of San Bernardino*, No. 5:15-CV-2513, C.D. Cal.

k) The ACLU also brought a class action lawsuit alleging unconstitutional practice of LGBT inmates at the COUNTY's West Valley Detention Center (Case No. 14-2171-JGB-SP). The ACLU's lawsuit addressed the trouble of WVDC in denying services in unconstitutional manner, including failure to make safety checks as mandated by Title 15, and the suit represented approximately 600 individuals.

77.    Plaintiff SALAS brings this claim as a successor in interest to ESCUDERO and seeks survival damages for the violations of his constitutional rights.

20

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

78.     Plaintiffs SALAS and VARGAS also bring this claim individually for the violations of their Fourteenth Amendment rights and seek wrongful death damages on that basis.

79.     Plaintiffs also seek attorney's fees on this claim.

**SIXTH CLAIM FOR RELIEF**

**Municipal Liability – Ratification (42 U.S.C. § 1983 and *Monell*)**

(By all Plaintiffs against Defendants COUNTY, RODRIGUEZ, and DOES 1-10)

80.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 79 of this Complaint with the same force and effect as if fully set forth herein.

81.     At all relevant times, the DEPUTY DEFENDANTS acted under color of state law.

82.     As alleged above, the DEPUTY DEFENDANTS violated DECEDENT's Fourth Amendment rights and the Plaintiffs' Fourteenth Amendment rights.  This claim is predicated on the constitutional violations of both the Plaintiffs and DECEDENT.

83.     Upon information and belief, a final policymaker, acting under color of state law, who had final policymaking authority concerning the acts of the DEPUTY DEFENDANTS, knew of the DEPUTY DEFENDANTS' wrongful acts and ratified their wrongful acts and the bases for them and determined that the acts of DEPUTY DEFENDANTS were "within policy."  Additionally, the cases referenced in paragraph 76 and subparts thereto, *supra*, support the inference that the COUNTY ratified the incident giving rise to Plaintiffs' instant complaint, and that the COUNTY has a pattern and practice of ratifying uses of force by its involved deputies.

84.     Upon information and belief, this final policymaker has a history of ratifying unreasonable uses of force, including deadly force.

85.     By perpetuating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants COUNTY, RODRIGUEZ, and DOES 1-10 acted with an international, reckless, callous disregard for the well-being of ESCUDERO.  The acts of Defendants RODRIGUEZ and DOES 1-10 were willful, wanton, oppressive malicious, fraudulent, and extremely offensive and unconscionable.

86.     The policies, practices, and customs implemented, maintained and still tolerated by Defendants COUNTY, RODRIGUEZ, and DOES 1-10, were affirmatively linked to, and were a significantly influential force behind, ESCUDERO's injuries.

87.     Plaintiff SALAS brings this claim as a successor in interest to ESCUDERO and seeks survival damages for the violations of his constitutional rights.

88.     Plaintiffs SALAS and VARGAS also bring this claim individually for the violations of their Fourteenth Amendment rights and seek wrongful death damages on that basis.

89.     Plaintiffs also seek attorney's fees on this claim.

### SEVENTH CLAIM FOR RELIEF

**Municipal Liability – Failure to Train (42 U.S.C. § 1983 and *Monell*)**

(By all Plaintiffs against Defendants COUNTY, RODRIGUEZ, and DOES 1-10)

90.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 89 of this Complaint with the same force and effect as if fully set forth herein.

91.     At all relevant times, the DEPUTY DEFENDANTS acted under color of state law.

22

92.     As alleged above, the DEPUTY DEFENDANTS violated DECEDENT's Fourth Amendment rights and the Plaintiffs' Fourteenth Amendment rights.  This claim is predicated on the constitutional violations of both the Plaintiffs and DECEDENT.

93.     On information and belief, COUNTY, RODRIGUEZ, and DOES 1-10 failed to properly and adequately train the DEPUTY DEFENDANTS, including but not limited to training with respect to the use of less than lethal force, with respect to the use of deadly force, with respect to restraints, with respect to determining when to administer Narcan, with respect to how to safely administer Narcan, with respect to the risks of prone restraint, and with respect to the treatment of persons who are suspected of having a mental illness or are having a mental and/or medical crisis.

94.     The training policies of Defendants COUNTY, RODRIGUEZ, and DOES 1-10 were not adequate to train the deputies to handle the usual and recurring situations with which they must deal, including those categories listed herein paragraph 93.

95.     COUNTY, RODRIGUEZ, and DOES 1-10 were deliberately indifferent to the obvious consequences of its failure to train its deputies adequately.

96.     The failure of the COUNTY, RODRIGUEZ, and DOES 1-10 to provide adequate training caused the deprivation of Plaintiffs' and DECEDENT's rights by the DEPUTY DEFENDANTS.  In other words, Defendants' failure to train is so closely related to the deprivation of DECEDENT's and Plaintiffs' rights as to be the moving force that caused the ultimate injury.

97.     The following are only a few examples of continued conduct by sheriff's deputies working for the County of San Bernardino, which indicate the County of San Bernardino's failure to properly train its sheriff's deputies:

    a) In *Estate of Merlin Factor v. County of San Bernardino, et al.*, case number 5:14-cv-01289-DMG-AGR(x), Plaintiffs argued that the use of deadly force

23

against the unarmed Merlin Factor was unreasonable. The police reports showed that Mr. Factor was unarmed, and the parties settled the case for a high six-figure settlement.  In that case, the evidence indicated that the COUNTY ratified the deputies' conduct, found the shooting to be "within policy," and failed to reprimand, retrain, or otherwise penalize the deputies for their conduct.

b) In *Archibald v. County of San Bernardino*, case number 5-16-cv-1128, Plaintiff argued that the involved San Bernardino County sheriff's deputy used deadly force against the unarmed Nathanael Pickett when he posed no immediate threat. The jury in that case returned a $33.5 million verdict against Defendant County of San Bernardino and its involved deputy. Despite prior knowledge of this shooting deputy's propensities for violence, the SBSD retained him as a deputy.  The same shooting deputy eventually shot another individual, for which a pre-litigation settlement was reached in the case *Martinez v. County of San Bernardino*.

c) In *T.M. (Phillips) et al. v. County of San Bernardino, et al.*, case no. 5:18-cv-02532, C.D. Cal., the COUNTY settled for $2.1 million with the family of a woman who was shot and killed by a deputy working for the COUNTY while driving in her vehicle despite not posing an immediate threat of death or serious bodily injury at the time of the shooting.

d) In *Ranero v. County of San Bernardino*, case no. 5:16-cv-02655, C.D. Cal., the COUNTY settled with a man involved in a non-fatal police shooting that resulted in serious injuries. The COUNTY ratified the deputies' conduct, found the shooting to be "within policy," and failed to reprimand, retrain, or otherwise penalize the deputies for their conduct.

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

e) In *Young v. County of San Bernardino, et al.*, case number 5:15-CV-01102-JGB-SP, Plaintiff argued that the 2014 shooting of Keivon Young was excessive and unreasonable.  In 2016 a jury agreed and awarded a high six-figure verdict in the Plaintiff's favor.

Additional prior cases supporting Plaintiffs' Monell claims in this matter include:

f) *Gomez v. County of San Bernardino,* case no. 5:13-cv-2185, C.D. Cal., a lawsuit involving the non-fatal shooting of an unarmed 31-year-old man in his apartment complex after a vehicle pursuit;

g) *Estate of Allen Kephart v. County of San Bernardino*, CIL VDS 1110314, San Bernardino Superior Court, a lawsuit involving an incident wherein multiple deputies used excessive force against a 43-year-old man, which resulted in his death;

h) *Elio Carrion v. County of San Bernardino,* case no. 2:06-cv-8210, C.D. Cal., a lawsuit involving a non-fatal shooting of a passenger;

i) *Stofflet v. County of San Bernardino*, No. 5:18-CV-279, Feb. 2018, wherein a $1.9 million settlement was reached regarding an incident involving the in-custody death of and denial of medical care to a 34-year-old woman.

j) Additionally, in July 2017, the COUNTY agreed to a $2.5 million global settlement of related cases involving in-custody uses of excessive force. These cases include: *Alcala v. County of San Bernardino,* No. 5:15-CV-2515, C.D. Cal.; *Bishop v. County of San Bernardino*, No. 5:14-CV-1085, C.D. Cal.; *Camacho v. County of San Bernardino*, No. 5:16-CV-1244, C.D. Cal.; *Hanson v. County of San Bernardino*, No. 5:14-CV-911, C.D. Cal.; *Smith v. County of San Bernardino*, No. 5:15-CV-2513, C.D. Cal.

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

k) The ACLU also brought a class action lawsuit alleging unconstitutional practice of LGBT inmates at the COUNTY's West Valley Detention Center (Case No. 14-2171-JGB-SP). The ACLU's lawsuit addressed the trouble of WVDC in denying services in unconstitutional manner, including failure to make safety checks as mandated by Title 15, and the suit represented approximately 600 individuals.

98. Accordingly, Defendants COUNTY, RODRIGUEZ, and DOES 1-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

99. Plaintiff SALAS brings this claim as a successor in interest to ESCUDERO and seeks survival damages for the violations of his constitutional rights.

100. Plaintiffs SALAS and VARGAS also bring this claim individually for the violations of their Fourteenth Amendment rights and seek wrongful death damages on that basis.

101. Plaintiffs also seek attorney's fees on this claim.

## EIGHTH CLAIM FOR RELIEF

### False Arrest / False Imprisonment

(Survival and Wrongful Death)

(By Plaintiff SALAS against DEPUTY DEFENDANTS and COUNTY)

102. Plaintiffs re-allege and incorporates by reference herein paragraphs 1 through 101 of this Complaint.

103. As alleged in detail above, the DEPUTY DEFENDANTS detained ESCUDERO without reasonable suspicion and arrested him without probable cause. Not only was the detention itself unreasonable, but the scope and manner of the detention was unreasonable.

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

104.   As an actual and proximate result of Defendants' unreasonable detention and restraint, ESCUDERO died, and as a result, Plaintiff SALAS as successor in interest to DECEDENT has sustained pecuniary loss resulting from the loss of companionship, comfort, support, society, care and services of ESCUDERO, and will continue to be so deprived for the remainder of her natural life.  Accordingly, Plaintiff SALAS, as successor in interest to DECEDENT, is entitled to compensatory damages on this claim.

105.   Defendants committed the aforementioned acts and omissions knowingly, willfully, maliciously, with the expressed intent to harm ESCUDERO, and with conscious or reckless disregard for ESCUDERO's rights.  By reason thereof, Plaintiff SALAS seeks punitive and exemplary damages from the DEPUTY DEFENDANTS in an amount according to proof at trial on this claim.

106.   Defendant COUNTY is vicariously liable for the wrongful acts of the DEPUTY DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.  Defendants RODRIGUEZ and DOES 1-10 are vicariously liable under California law and the doctrine of *respondeat superior.*

107.   SALAS brings this claim individually and as a successor in interest to ESCUDERO.  Plaintiff SALAS seeks survival damages wrongful death damages on this claim, including funeral and burial expenses.

//

//

//

//

27

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## NINTH CLAIM FOR RELIEF

### Battery

(Survival and Wrongful Death)

(By Plaintiff SALAS against DEPUTY DEFENDANTS and COUNTY)

108.   Plaintiffs re-allege and incorporates by reference herein paragraphs 1 through 107 of this Complaint.

109.   As alleged in detail above, the DEPUTY DEFENDANTS used unreasonable force against ESCUDERO, including deadly force.  This unreasonable force against ESCUDERO includes but is not limited to the DEPUTY DEFENDANTS striking ESCUDERO in the head with their fists, tasers, and batons, and otherwise beating, punching, and kicking ESCUDERO, including while sitting on his chest.

110.   As an actual and proximate result of Defendants' unreasonable detention and restraint, ESCUDERO died, and as a result, Plaintiff SALAS as successor in interest to DECEDENT has sustained pecuniary loss resulting from the loss of companionship, comfort, support, society, care and services of ESCUDERO, and will continue to be so deprived for the remainder of her natural life.  Accordingly, Plaintiff SALAS, as successor in interest to DECEDENT, is entitled to compensatory damages on this claim.

111.   Defendants committed the aforementioned acts and omissions knowingly, willfully, maliciously, with the expressed intent to harm ESCUDERO, and with conscious or reckless disregard for ESCUDERO's rights.  By reason thereof, Plaintiff SALAS seeks punitive and exemplary damages from the DEPUTY DEFENDANTS in an amount according to proof at trial on this claim.

112.   Defendant COUNTY is vicariously liable for the wrongful acts of the DEPUTY DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees

28

within the scope of employment if the employee's act would subject him or her to liability.  Defendants RODRIGUEZ and DOES 1-10 are vicariously liable under California law and the doctrine of *respondeat superior.*

113.    SALAS brings this claim individually and as a successor in interest to ESCUDERO.  Plaintiff SALAS seeks survival damages wrongful death damages on this claim, including funeral and burial expenses.

## TENTH CLAIM FOR RELIEF

### Negligence

(Wrongful Death and Survival)

(By Plaintiff SALAS against all Defendants)

114.    Plaintiffs re-allege and incorporates by reference herein paragraphs 1 through 113 of this Complaint, with the exception that Plaintiffs do not seek punitive damages on this claim.

115.    The DEPUTY DEFENDANTS proximately caused the death of ESCUDERO on October 19, 2019, as a result of their negligent conduct and/or negligent failure to act as set forth herein.

116.    Defendants, including the DEPUTY DEFENDANTS, have a duty to use reasonable care to prevent harm or injury to others.  This duty includes, but is not limited to, using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

117.    Defendants breached this duty of care.  Upon information and belief, the actions and inactions of Defendants were negligent and reckless, including but not limited to:

29

a)    the DEPUTY DEFENDANTS' failure to properly and adequately assess the need to detain, arrest, administer Narcan, and use restraint, force, and/or deadly force against ESCUDERO;

b)    the DEPUTY DEFENDANTS' negligent tactics and handling of the situation with ESCUDERO, including their decision to administer Narcan and their failure to properly secure and/or position ESCUDERO when administering the Narcan;

c)    the DEPUTY DEFENDANTS' negligent administration of Narcan, their detention and arrest of ESCUDERO, and their use of force, including deadly force, against ESCUDERO;

d)    the negligent communication of information during the incident;

e)    the DEPUTY DEFENDANTS' failure to provide prompt medical care to ESCUDERO, as well as their interference with the provision of medical treatment to ESCUDERO by EMS personnel; and

f)    the failure of the COUNTY, RODRIGUEZ, and DOES 1-10 to properly train and supervise employees, including the DEPUTY DEFENDANTS.

118.   As an actual and proximate result of Defendants' unreasonable detention and restraint, ESCUDERO died, and as a result, Plaintiff SALAS as successor in interest to DECEDENT has sustained pecuniary loss resulting from the loss of companionship, comfort, support, society, care and services of ESCUDERO, and will continue to be so deprived for the remainder of her natural life.  Accordingly, Plaintiff SALAS, as successor in interest to DECEDENT, is entitled to compensatory damages on this claim.

119.   Defendant COUNTY is vicariously liable for the wrongful acts of the DEPUTY DEFENDANTS pursuant to section 815.2(a) of the California Government Code,

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.  Defendants RODRIGUEZ and DOES 1-10 are vicariously liable under California law and the doctrine of *respondeat superior.*

120.   SALAS brings this claim individually and as a successor in interest to ESCUDERO.  Plaintiff SALAS seeks survival damages wrongful death damages on this claim, including funeral and burial expenses.

## ELEVENTH CLAIM FOR RELIEF

### Violation of the Bane Act (Cal. Civ. Code §52.1)

(By Plaintiff SALAS against all Defendants)

121.   Plaintiffs re-allege and incorporate by reference paragraphs 1 through 120 of this complaint.

122.   California Civil Code Section 52.1 (the Bane Act) prohibits any person from intentionally violating a person's constitutional rights.  An intent to violate a person's constitutional rights can be shown by a reckless disregard for the person's constitutional rights.  Here, the DEPUTY DEFENDANTS acted with reckless disregard for ESCUDERO's constitutional rights as set forth in detail above, including by unlawfully detaining and arresting ESCUDERO, restraining ESCUDERO for an unreasonable amount of time and restraining him in a prone position, using excessive force against ESCUDERO, and denying ESCUDERO prompt and adequate medical attention.

123.   The conduct of Defendants was a substantial factor in causing Plaintiffs' and ESCUDERO's harms, losses, injuries, and damages.

124.   The COUNTY is vicariously liable for the wrongful acts of the DEPUTY DEFENDANTS pursuant to section 815.2(a) of the California Government Code,

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.  Defendants RODRIGUEZ and DOES 1-10 are vicariously liable under California law and the doctrine of *respondeat superior.*

125.   The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for ESCUDERO's and Plaintiffs' rights, justifying an award of exemplary and punitive damages as to the DEPUTY DEFENDANTS.

126.   Plaintiff SALAS brings this claim in each case individually and as a successor in interest to ESCUDERO.  Plaintiff SALAS seeks survival damages and wrongful death damages on this claim, including funeral and burial expenses.

127.   Plaintiffs also seek reasonable costs, funeral and burial expenses, and attorney's fees on this claim, including treble damages or a multiplier under Cal. Civ. Code § 52 *et seq.*

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

# **PRAYER**

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants as follows:

1.     For general damages according to proof;

2.     For special damages according to proof;

3.     For exemplary damages as provided by law in an amount to be proved against each individual Defendant;

4.     For attorney's fees pursuant to U.S.C. 1983, U.S.C. 1988 and Cal. Civ. Code section 52 *et. seq.*;

5.     Punitive damages (nongovernmental) in an amount to be proven at trial;

6.     For interest;

7.     For costs of suit; and

8.     For such other and further relief as the Court may deem just, proper, and appropriate.

9.

Respectfully submitted,


Dated: April 23, 2021


                                                                      /s/
                                                    _____
                                                    Sharon J. Brunner
                                                    Attorney for Plaintiffs
Dated: April 23, 2021


                                                                      /s/
                                                    _____
                                                    James S. Terrell
                                                    Attorney for Plaintiffs
Dated: April 23, 2021
                                                                      /s/
                                                    _____
                                                    Dale K. Galipo
                                                    Attorney for Plaintiffs

33

## <u>JURY DEMAND</u>

Plaintiffs hereby demand a trial by jury on all issues.

Dated: April 23, 2021

/s/
_____
Sharon J. Brunner
Attorney for Plaintiffs

Dated: April 23, 2021

/s/
_____
James S. Terrell
Attorney for Plaintiffs

Dated: April 23, 2021

/s/
_____
Dale K. Galipo
Attorney for Plaintiffs

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL